UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ENCOMPASS INDEMNITY COMPANY as subrogee of David J. Erskine and Barbara D. Erskine**<br>2775 Sanders Road<br>Northbrook, IL 60062-6127<br><br>           Plaintiff,<br><br>**ALGER OIL, INC. d/b/a ALGER OIL & PROPANE**<br>32 South Street<br>Baltimore, MD 21202<br><br>           Defendant | : : : : : : : : : : : : : : : : : | Civil Action No. |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, Encompass Indemnity Company as subrogee of David J. Erskine and Barbara D. Erskine, by and through its undersigned counsel, hereby claims of and demands judgment against Defendant, Alger Oil, Inc. d/b/a Alger Oil & Propane, and in support thereof avers as follows:

### PARTIES

1. Plaintiff, Encompass Indemnity Company ("Plaintiff" or "Encompass"), proceeding as subrogee of David J. Erskine and Barbara D. Erskine, is an Illinois insurance company with a principal place of business located at 2775 Sanders Road, Northbrook, Illinois 60062-6127.

2. At all times material hereto, Encompass was authorized to issue insurance policies in the State of Maryland.

3. Defendant, Alger Oil, Inc. d/b/a Alger Oil & Propane ("Defendant" or "Alger"), is a Maryland corporation with a principal place of business located at 32 South Street, Baltimore

-2-

Maryland, 21202.  Alger's Registered Agent is Kenneth D. Thomas, 559 Sylmar Road, Rising Sun, Maryland 21911.

4. At all times material hereto, Alger was in the business of, among other things, delivering propane gas.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

6. Venue is properly in this judicial district pursuant to 28 U.S.C. § 1391 because the incident at issue occurred in Chestertown, Maryland and the defendant resides or regularly conducts business in this judicial district.

## FACTUAL

7. At all times material hereto, David J. Erskine and Barbara D. Erskine (the "Erskines"), had an insurable interest in the property located at 23742 Lovely Lane, Chestertown, Maryland 21620 ("Subject Property").

8. The Subject Property had a barn:



9.	At all times material hereto, Encompass insured the Subject Property with a policy issued to the Erskines, policy number 263874795 (the "Policy"), effective July 28, 2018 to July 28, 2019.

10.	On December 31, 2018, Alger delivered approximately 878 gallons of propane to the Subject Property.

11.	Because of the amount of propane Alger delivered, Alger knew or should have known that the underground propane storage tank was empty or virtually empty.

12.	Based on the amount of propane Alger delivered, there were or should have been questions with respect to the integrity of the system and the substantial risk of a gas leak

13.	When Alger delivered the propane, it knew or should have known that it needed to perform an integrity test (a leak test) to ensure that propane was not leaking from the system servicing the Subject Property.

25126514v.1

14. Alger's delivery driver did not perform an integrity test for the propane storage tank or the related equipment, such as the propane system's service lines, valves, and regulators to confirm that propane was not leaking from the system.

15. At the time of the delivery, Alger did not warn the Erskines about the need for an integrity check or provide any warnings to the Erskines about known and present dangers.

16. On January 3, 2019, David Erskine ("Erskine") went to the barn on the Subject Property and turned up the thermostat for the zoned radiant heating system servicing the building.

17. Thereafter, Erskine started to add wood to the woodstove located in the barn.

18. While preparing the woodstove, leaking propane ignited, exploded, and caused a fire.

19. The explosion and fire completely destroyed the barn.



20. The explosion occurred because of a build-up of leaking propane gas that ignited and exploded.

21. The explosion was the direct and proximate result of Alger failing to comply with industry standards during its December 31, 2018, propane delivery.

22.     As a direct and proximate result of Alger's acts and/or omissions, the Erskines suffered damage to their real and personal property, including consequential damages and extra expenses.

23.     After the explosion, the Erskines made a claim under the Policy to recover for damage to the real and personal property in the barn as well as consequential damages and extra expenses.

24.     Pursuant to the Policy, Plaintiff paid money to or on behalf of the Erskines and is now conventionally and/or equitably subrogated to their rights against third parties, including Alger.

## COUNT I – BREACH OF CONTRACT

25.     Plaintiff hereby incorporates the preceding paragraphs as if set forth in full herein.

26.     Upon information and belief, on or about December 30, 2018, Erskine called Alger and requested a propane delivery.

27.     Alger agreed to make the delivery.

28.     When Alger agreed to deliver the propane, consistent with the Erskine's reasonable expectations, Alger expressly and/or impliedly agreed to perform its services with skill and care, in accordance with prevailing standards of competency for the trade, including:

(a)     providing trained, skilled and knowledgeable workmen to complete the work in a safe manner;

(b)     taking reasonable precautions to protect against hazards created by delivering propane to a propane system whose structural integrity was suspicious and was subject to a substantial risk of leaking;

(c)     recommending and/or performing an integrity/leak test;

(d) warning the Erskines of the dangers associated with delivering propane to a system that Alger knew or should have known was at risk for leaking;

(e) closing the valve on the storage tank; and

(f) otherwise performing the work with skill and care.

29. Alger materially breached the terms of its contract with the Erskines in one or more of the following ways:

(a) sending workmen to perform the propane delivery who were not properly trained, skilled and knowledgeable about service interruptions and the actions they should take when circumstances suggest that there has been an out of gas delivery;

(b) failing to perform an integrity/leak test or warn the Erskines about the need for an integrity/leak test and/or the dangers associated with delivering propane to a storage container system that was empty or virtually empty; and

(c) not ensuring that the valve on the storage tank was closed.

30. Alger's breach of contract was a direct and proximate cause of the explosion and resulting damage.

WHEREFORE, Plaintiff Encompass Indemnity Company as subrogee of David J. Erskine and Barbara D. Erskine, demands judgment be entered against Defendant Alger Oil, Inc. d/b/a Alger Oil & Propane in the amount of $596,845.55, together with prejudgment and post-judgment interest and such other relief as the Court deems just and equitable.

## COUNT II – NEGLIGENCE

31. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full herein.

32. Alger had a duty to act with reasonable care with respect to delivering propane into the propane system at the Subject Property.

25126514v.1

-7-

33. When Alger delivered propane into the propane system on the Subject Property, it knew or should have known that:

(a) the storage tank at the Subject Property was empty or nearly empty, and because the storage tank was empty, or nearly empty, there was a substantial risk of a gas leak and/or that there were questions with respect to the integrity of the system;

(b) there was a propane service interruption associated with Alger making an out-of-gas delivery; and

(c) the valve on the storage tank needed to be closed.

34. When it delivered the propane, Alger had a duty to perform an integrity/leak check on the propane system.

35. Alternatively, Alger had a duty to warn the Erskines of the need for an integrity/leak check, the hazardous condition of the system, and/or the hazards associated with not performing an integrity/leak check.

36. When it delivered the propane, similar to the warnings shown on the warning tag prepared by the Propane Education & Research Council (shown below), Alger had a duty to warn the Erskines that the propane system must be checked before being used.

25126514v.1

**⚠ WARNING** 605353

**DO NOT OPEN YOUR TANK VALVE!**
For your safety, **WE HAVE CLOSED YOUR GAS SUPPLY VALVE.**

☐ We found your tank empty when we came to deliver propane.
  *An empty tank may create a safety hazard.*
☐ We had to perform service on your propane system.
☐ Other reason(s): _____

**IF YOU OPEN YOUR TANK VALVE, SERIOUS INJURY
COULD RESULT FROM FIRE OR EXPLOSION.**

• YOUR PROPANE SYSTEM MUST BE CHECKED before you use it again.
• CALL US at _____ to have your system
  checked, your pilot lights lit, and your appliances put back into operation.

Propane Retailer: _____

© 2005 PROPANE EDUCATION & RESEARCH COUNCIL | PRC 000500

Customer Name: ____
Address: ____
Date: ____   Time: ____
Remarks: ____
By: ____
COMPLETE AND RETURN TO OFFICE CUSTOMER FILE FOR FOLLOW-UP

37.    At all times material hereto, Alger had a duty to protect the Erskines' foreseeably injured property.

38.    Alger's acts and omissions breached duties it owed to the Erskines' in one or more of the following ways:

(a)    using delivery personnel who were not properly trained or skilled and who lacked the knowledge necessary to deliver the propane in a safe manner;

(b)    delivering propane without performing an integrity/leak test of the storage tank and/or the propane system's service lines, valves, and regulators;

(c)    failing to provide a warning tag similar to the tag denoted in Paragraph 36;

(d)    failing to warn the Erskines about the need for an integrity/leak test, the hazardous condition of the system, and/or the hazards associated with not performing an integrity/leak test;

(e)    failing to recognize the need for an integrity/leak test due to the tank being empty or virtually empty;

(f)    failing to recognize the need for an integrity/leak check because the circumstances suggested that the propane storage tank was leaking propane;

25126514v.1

(g)     failing to comply with industry safety standards;

(h)     failing to close the valve on the storage tank; and

(i)     otherwise failing to exercise reasonable care when it delivered propane to the propane storage tank.

39.     Alger's breach of the common law duty or duties it owed was a direct and proximate cause of the explosion at the Subject Property and the resulting damage.

WHEREFORE, Plaintiff Encompass Indemnity Company as subrogee of David J. Erskine and Barbara D. Erskine demands judgment be entered against Defendant Alger Oil, Inc. d/b/a Alger Oil & Propane in the amount of $596,845.55, together with prejudgment and post-judgment interest and such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff respectfully requests a jury on all issues presented.

By:    /s/ Robert D. Anbinder
       Robert D. Anbinder, (Fed Bar No. 10885)
       Law Offices of Robert D. Anbinder
       PO Box 65354
       Baltimore, Maryland 21209
       Phone: 410-916-7469
       rdaattorney@gmail.com
       Attorney for Plaintiff